EDWARDS, Judge.
This appeal involves a child custody proceeding.
Mays Irwin Morris and Janet Tucker Morris were separated on March 25, 1977, by judgment of the family court. Janet Morris was awarded custody of the minor child, Kristie, then four years old. In January of 1979, Janet Morris was granted a divorce from her husband, which judgment continued custody of Kristie in the mother.
On May 9, 1980, Mays Morris filed a rule for a change of custody. After a hearing at which Janet Morris made no appearance, the court rendered judgment on May 22 awarding the father custody of Kristie. However, due to possibly defective service of the rule upon Janet Morris, the May 22 judgment was vacated. A new notice of the rule for change of custody was issued and Mays Morris was granted provisional custody of Kristie.
Following trial of the rule, judgment was rendered continuing custody in the mother. From this ruling, Mays Morris appeals, contending that the family court erred by failing to consider the best interest of the child and the mother’s criminal record in its refusal to change custody of the minor to the father.
The main argument of Mays Morris in seeking a change of custody concerns the criminal record of his ex-wife. In March of 1978, prior to the divorce, Janet Morris pled guilty to two counts of embezzlement of funds totaling $200 from then her employer. Sentence was suspended, and she was placed on probation for a period of three years.
More recently, in April of 1980, a search pursuant to a warrant revealed the presence of illegal drugs in her apartment. She claimed that she was not aware of the presence of the drugs, which belonged to an ex-roommate, with whom she no longer socialized. Apparently, no charges were brought against her for this incident.
Mays Morris also relies heavily upon what he contends is a drug-related incident in April of 1980, when his ex-wife lost consciousness on a bus and was taken to a hospital. Janet Morris explained, however, that at the time she had a broken arm and a broken leg and was taking pain medication prescribed by her doctor.
The mother of Janet Morris testified that she has never seen any illegal drugs in her daughter’s apartment and has never seen her daughter use illegal drugs. Although she admittedly once tried to have her daughter committed, she stated that the reason therefore was disapproval of her daughter’s friends.
The record reveals that Janet Morris and Kristie lived in their own apartment or with various relatives since the separation decree. Janet worked as a secretary until about three months prior to the hearing. Her employment was terminated because she had a broken arm and leg and could no longer fulfill her duties as a secretary. *1212 Since that time, she has collected unemployment compensation benefits and is presently seeking work as a union apprentice. Her uncle testified that he is helping her obtain employment and that the prospects are promising.
Several relatives and her probation officer testified that Janet Morris provided as good a home for Kristie as she could under the economic circumstances that she faced. She presently lives with her aunt and uncle, in whose home Kristie also is welcome.
Mays Morris’ employment record is erratic and unsteady. At the time of hearing, he had been employed as an insurance salesman since April of 1980. He indicated that the job would be permanent.
Mays Morris admitted that in the past he daily smoked marijuana. However, he professed to have discontinued its use. His present wife testified that she had never seen her husband smoke marijuana and was not aware that he had ever used the drug.
Janet Morris testified that her ex-husband had refused in the past to help with Kristie’s medical expenses and to care for her when she was ill. Specific reference was made to the child’s need for speech therapy following a tonsilectomy, which was necessitated by continual ear problems for several winters.
LSA-C.C. Art. 157 states in pertinent part:
“In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent.”
After carefully reviewing the record, we find that the family court did not abuse its discretion in awarding custody of the minor child to the mother. Hence, the judgment of the family court is affirmed. All costs of this appeal are to be paid by appellant, Mays Morris.
AFFIRMED.